UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DOSS,

        Plaintiff,                Case No. 20-10266

v.                                           Paul D. Borman
                                           United States District Judge

MICHIGAN DEPARTMENT OF
CORRECTIONS and FRANK        R. Steven Whalen
SAWYER, in his individual capacity,   United States Magistrate Judge

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S (PARTIALLY UNOPPOSED) MOTION FOR VOLUNTARY DISMISSAL OF COUNTS IV, V, VI OF HIS FIRST AMENDED COMPLAINT (ECF NO. 24)**

      This is an employment discrimination case arising out of Plaintiff Michael Doss's employment with Defendant Michigan Department of Corrections ("MDOC") as a correctional officer for the past 12 years. Now before the Court is Plaintiff's (Partially Unopposed) Motion for Voluntary Dismissal of Counts IV, V and VI of his First Amended Complaint Pursuant to Fed. R. Civ. P. 21 & 41(2) (ECF No. 24). Defendant MDOC opposes the motion, but Defendant Frank Sawyer does not. Plaintiff's motion is fully briefed. The Court does not believe oral argument will aid in its disposition of the motion; therefore, it is dispensing with oral argument

pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons set forth below, the Court GRANTS Plaintiff's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Michael Doss is employed by Defendant MDOC as a correctional officer in MDOC's Parnall Correctional Facility. Plaintiff claims that he has been subjected to a hostile work environment and disparate treatment based on his race and/or color and retaliated against for engaging in protected activity since December 2017.

On November 7, 2019, Plaintiff filed a complaint in the Wayne County Circuit Court, asserting claims against Defendant MDOC for violations of the Michigan Elliott-Larsen Civil Rights Act ("ELCRA") (Counts I-III) and for violations of Title VII of the federal Civil Rights Act of 1964 (Counts IV-V), and against Defendant Sawyer for violation of the Equal Protection Clause of the United States Constitution (Count VI). (See ECF No. 1, State Court Complaint, PgID 7-28.)

Defendants removed the case to this Court on February 3, 2020, based on federal question jurisdiction. (ECF No. 1, Notice of Removal.) On February 13, 2020, Plaintiff filed an Amended Complaint (as ordered by the Court), in the correct font size, but with the same counts and parties as the original Complaint. (ECF No. 6, First Amended Complaint ("FAC").)

The parties conducted discovery, including exchanging written discovery and taking a number of depositions. Fact discovery closed on December 18, 2020 (ECF No. 21), and the dispositive motion deadline, previously set for March 22, 2021, has been adjourned without date. (1/13/21 docket entry.) In addition, the settlement conference before Magistrate Judge R. Steven Whalen, scheduled for February 8, 2021, was cancelled on February 3, 2021, to be reset at a later date.

On October 28, 2020, Plaintiff filed a motion for voluntary dismissal of Counts IV, V, and VI of his First Amended Complaint pursuant to Fed. R. Civ. P. 21 & 41(a)(2). (ECF No. 24, Pl.'s Mot.) Plaintiff indicated that Defendant Sawyer does not oppose dismissal of Count VI against him, but that Defendant MDOC would not agree to dismissal without prejudice of Counts IV and V against it. (*Id.*)

On November 10, 2020, Defendant MDOC filed a response opposing Plaintiff's motion, arguing it will suffer "plain legal prejudice" if the Court dismisses Counts IV and V of the FAC without prejudice. (ECF No. 26, Def.'s Resp.) MDOC requested that if the Court were to grant Plaintiff's motion, that it dismiss the claims with prejudice, award MDOC costs and fees, and retain jurisdiction of Plaintiff's remaining state law claims. (*Id.*)

Plaintiff filed a reply brief on November 12, 2020. (ECF No. 27, Pl.'s Reply.) Plaintiff argues that Defendant MDOC will not be plainly prejudiced by dismissal

3

of the federal claims, arguing in part that he "has offered Defendant a covenant not to sue on the federal claims, so that they could never be brought again without effecting [sic] Plaintiff's state law claims," but that "Defendant refused." (*Id.* PgID 264.)

On January 29, 2021, the Court ordered Defendant MDOC to file a supplemental brief "addressing Plaintiff's offer of a covenant to dismiss and not sue on the federal claims, and Defendant's response to that offer." (ECF No. 28, Order.) Defendant MDOC filed its supplemental brief on February 5, 2021, explaining that it declined Plaintiff's stipulation and covenant-not-to-sue offer because (1) Plaintiff's motion does not address the merits of the Title VII claims but rather seeks a more favorable venue for Plaintiff's claims in state court, and (2) granting Plaintiff's motion would "trigger another motion to remand the remaining claims to state court – creating more costs and attorney time to MDOC." (*Id.*)

## II. LEGAL STANDARD

Plaintiff moves to dismiss Counts IV, V and VI of his First Amended Complaint pursuant to Fed. R. Civ. P. 21 & 41(a)(2). (ECF No. 24, Pl.'s Mot.) However, Plaintiff's reliance on these two rules is misplaced.

A notice of dismissal or request to dismiss under Rule 41 is confined to dismissal of an "action," meaning Rule 41 can only be used to dismiss *all* claims

against *all* defendants, not individual claims or parties. *See Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003) (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed a 'cause of action.'"), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008). Rule 21 is the proper vehicle for the dismissal of individual parties from the action, providing that "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party." Fed. R. Civ. P. 21; *see AmSouth v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004) (dismissal of fewer than all parties, rather than of an entire action, is more proper pursuant to Rule 21); *Philip Carey*, 286 F.2d at 785 ("Rule 21 provides that 'Parties may be dropped or added by order of the court on motion …' and we think that this rule is the one under which any action to eliminate … a party should be taken.").

As early as its decision in *Management Investors v. United Mine Workers of America*, 610 F.2d 384 (6th Cir. 1979), the Sixth Circuit Court of Appeals, citing to 5 *Moore's Federal Practice*, ¶ 41.06-1, at 41-92-93, noted that the use of a notice of voluntary dismissal to eliminate some, but not all claims, from a case "is more

5

properly viewed as a Rule 15 amendment to the complaint." *Management Investors*, 610 F.2d at 394 n.22. This Court, and other courts in this Circuit, have cited *Management Investors* for the proposition that where a plaintiff seeks to dismiss one count of his multi-count complaint, the Court should consider it as a motion to amend the complaint to delete the specified claims. *See Soulliere v. Berger*, No. 13-12028, 2013 WL 12182018, at *2 (E.D. Mich. Oct. 17, 2013) (Borman, J.) (stating that an amendment under Rule 15, not a dismissal under Rule 41, is the appropriate way to dispose of fewer than all claims in an action); *see also Baker v. City of Detroit*, 217 F. App'x 491, 496-97 (6th Cir. 2007) ("Rule 41 does not speak to dismissal of *claims*, and an amendment pursuant to Rule 15 is the appropriate way to dispose of fewer than all claims against a defendant. However, it is not unusual for motions styled as Rule 41 motions or motions to dismiss to be construed as Rule 15 motions for leave to amend.") (internal citation omitted, emphasis in original); *American Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 465 (6th Cir. 2004) (noting that, after the plaintiff requested voluntary dismissal of certain claims under Rule 41(a)(2), "[t]he district court granted this motion after construing it as a motion for leave to amend the complaint by deleting the … claims"); *Williams v. Wayne Cnty.*, No. 09-14328, 2011 WL 479959, at *6 (E.D. Mich. Feb. 4, 2011) (considering plaintiff's

6

request to dismiss one count of their multi-count complaint as a motion to amend the complaint to delete the specified claims).

Fed. R. Civ. P 15(a) governs motion to amend. Under Rule 15(a), after the defendant has filed a responsive pleading, a plaintiff may only amend its complaint by leave of court or with the written consent of the defendant. Fed. R. Civ. P. 15(a). A motion to amend is freely granted, in the absence of bad faith, undue delay, or undue prejudice to the defending party. *Foman v. Davis*, 371 U.S. 178, 183 (1962). In determining whether to permit amendment, the Court should consider the following factors: undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 112 (6th Cir. 1989).

### III.  ANALYSIS

#### A.  Plaintiff's Motion is Construed as a Rule 15(a) Motion for Leave to Amend the FAC

Plaintiff moves to dismiss certain claims pursuant to Fed. R. Civ. P. 21 and 41(a)(2). Because Rule 21 governs dismissal of parties, and Rule 41(a)(2) speaks to the dismissal of an action rather than a claim, and Plaintiff is seeking dismissal of fewer than all of his claims, the Court will construe this motion as a motion for leave

to amend the FAC under Rule 15(a). *See Management Investors*, 610 F.2d at 394 n.22.

### B. Count VI Against Defendant Sawyer is Dismissed Without Prejudice

Plaintiff seeks to dismiss Count VI of his FAC, which alleges a violation of the Equal Protection Clause under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, and which is asserted against Defendant Sawyer only. (FAC Count VI, ¶¶ 122-33, PgID 88-90.) Plaintiff states in his motion that "[c]ounsel for Defendant Sawyer agrees to the relief requested by Plaintiff." (Pl.'s Mot. ¶ 7, PgID 188-89.) Defendant Sawyer has not opposed Plaintiff's motion. Accordingly, the Court GRANTS Plaintiff's motion as to Count VI of Plaintiff's FAC, and DISMISSES Count VI against Defendant Sawyer without prejudice.

### C. Counts IV and V Against Defendant MDOC are Dismissed Without Prejudice

Plaintiff also seeks to dismiss Counts IV and V of his FAC against Defendant MDOC, which allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, for hostile work environment and disparate treatment. (FAC Counts IV, V, ¶¶ 95-121, PgID 83-88.) Plaintiff explains that he "does not wish to go forward with the claims arising under Title VII" because "[a]lthough Plaintiff is the one who originally filed this matter, upon further reflection and upon analyzing

8

all of the applicable discovery, for judicial economy purposes in the case he ultimately chose to not pursue his federal claims," and "[a]fter considering the efforts and [sic] required to pursue six separate claims, Plaintiff no longer wants to go forward with all of them." (Pl.'s Mot. PgID 191-92.) Plaintiff contends that "[t]here is no prejudice to Defendant [MDOC] because all of the claims that are being dismissed [are] duplicative of the Elliott Larsen Civil Rights Act claims" in Counts I through III. (*Id.* PgID 192.)

Defendant MDOC opposes Plaintiff's motion, contending that it would "suffer some plain legal prejudice as a result" of a dismissal without prejudice of the federal claims. (Def.'s Resp.)[1] MDOC argues that it would be prejudiced by the dismissal of the Title VII claims because it has expended a great legal effort and expense throughout discovery and in preparation for trial, including sending and responding to discovery, taking and defending depositions, and arranging for Plaintiff's Independent Medical Examination. (Def.'s Resp. at pp. 4-5, PgID 201-

---

[1] Although Defendant MDOC argues that Plaintiff's motion should be denied based on Fed. R. Civ. P. 41 caselaw, similar factors are considered under Rules 15 and 41. *Compare Foman*, 371 U.S. at 183 (stating that a motion to amend is freely granted, in the absence of bad faith, undue delay, or undue prejudice to the defending party) *with Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (to avoid dismissal of an action under Rule 41(a)(2), a defendant must show "plain legal prejudice as a result," including excessive delay, insufficient explanation for need to take dismissal, and defendant's effort and expense).

9

02.) MDOC also claims that Plaintiff has engaged in excessive delay and a lack of diligence in prosecuting this action, waiting over nine months before moving to dismiss the claims, shortly before the discovery cutoff, and after the parties have engaged in lengthy discovery on the claims Plaintiff now seeks to dismiss. (*Id*. at pp. 6-7, PgID 203-04.)

Plaintiff points out in his Reply brief that Defendant MDOC admits that "Plaintiff's state law claims mirror Counts IV and V [the federal claims Plaintiff seeks to dismiss]; and their proofs are nearly identical." (Pl.'s Reply, PgID 262, citing Def.'s Resp. at p. 8, PgID 205.) Plaintiff agrees with Defendant MDOC that the factual bases for both the federal employment discrimination claims and the state employment discrimination claims are the same, and thus the fact that MDOC counsel spent significant time on this case is irrelevant because it would have had to spend that time anyway defending the state law claims. (Pl.'s Reply, PgID 262.) Plaintiff also asserts that he has diligently pursued this action, in that he has sent and received voluminous written discovery and taken six depositions. (*Id.* PgID 263.)

The Court agrees that because the factual bases and proofs for the Michigan ELCRA claims and the federal Title VII claims are admittedly "nearly identical,"

Defendant will not be prejudiced by the dismissal of the federal claims.[2] In addition, while discovery has recently closed, no dispositive motions have been filed.[3] Plaintiff's "delay" in seeking to dismiss the Title VII claims until almost nine months after this case was removed to this Court, and close to the close of discovery, is a consideration. However, the Court finds such delay not an issue precluding Plaintiff's motion because, as discussed above, the factual bases for the state and federal employment claims are the same, and thus Defendant has not been forced to expend more time or effort than it otherwise would have defending the state law claims.

MDOC also argues that Plaintiff has failed to justify the need to take a dismissal "because these federal claims duplicate Plaintiff's state law claims (Counts I and II)" and that "Plaintiff's state law claims mirror Counts IV and V; and their proofs are nearly identical." (*Id.* at pp. 7-8, PgID 204-05.) However, Plaintiff states that, for judicial economy purposes, he does not wish to pursue six separate claims

---

[2] The cases Defendant cites in its Response in support of its arguments are distinguishable because those cases involve dismissals under Rule 41 of the entire action, not of individual claims. (See Def.'s Resp. at pp. 5-11, PgID 202-08.)

[3] Defendant MDOC contends that it "has begun drafting its motion for summary judgment in this matter and plans to file it after the discovery cutoff date." (Def.'s Resp. at p. 10, PgID 207.) Discovery closed on December 18, 2020 (ECF No. 21), but Defendant has not filed a motion for summary judgment. In fact, the dispositive motion deadline that initially was set for March 22, 2021 has been adjourned without date. This factor does not weigh against granting Plaintiff's motion.

(Pl.'s Mot., PgID 191-92), and he contends that he seeks dismissal of the federal claims because "Michigan courts have taken a more expansive view of ELCRA and the remedies available to a person under Michigan law compare to Title VII." (*Id.* PgID 262-63.) The Court finds this sufficient justification for dismissal of the "duplicative" federal claims, and that Plaintiff should not be "forced" to pursue claims he wishes to abandon. As another court in this district found under similar facts:

> Moreover, although it is true that Plaintiffs' federal ADA claims and state-law claims under the PWDCRA rest upon essentially the same facts and are governed by similar legal standards, the Court cannot accept Defendants' suggestion that it would be "unfair" to them if Plaintiffs were permitted to pursue their claims under only one of these two statutes, while abandoning a second available avenue of recovery in an effort to return to a preferred state forum. Certainly, Defendants have failed to indicate how they are in a significantly different or worse position than if Plaintiffs had elected never to assert a federal ADA claim in the first instance.

*Watz v. Wal-Mart Stores East, LP*, No. 12-15245, 2013 WL 1506847, at *4 (E.D. Mich. Apr. 12, 2013).

Defendant MDOC requests that if the Court decides to grant Plaintiff's motion, that it "impose conditions on the dismissal," including "dismissing the federal claims with prejudice." (Def.'s Resp. at p. 11, PgID 208.) Plaintiff argues that he cannot agree to dismiss his federal claims with prejudice because that could

12

collaterally estop his state law claims. (Pl.'s Reply, PgID 264.) Plaintiff states, however, that he "has offered Defendant a covenant not to sue on the federal claims, so that they could never be brought again without effecting [sic] Plaintiff's state law claims. But Defendant refused." (Pl.'s Reply PgID 264.)

In its supplemental brief, MDOC explains that it denied Plaintiff's stipulation and covenant-not-to-sue offer because Plaintiff's motion does not address the merits of the Title VII claims and instead seeks a more favorable venue for Plaintiff's claims in state court, and that granting Plaintiff's motion "would trigger another motion to remand the remaining claims to state court – creating more costs and attorney time to MDOC." (Def.'s Supp. Brief at p. 1, PgID 334.) MDOC argues that granting Plaintiff's motion would "deny defendant a federal forum." (Def.'s Resp. at pp. 10-11, PgID 207-08.) (Def.'s Supp. Brief at p. 1, PgID 334 (contending that Plaintiff is just seeking "a more favorable venue for [his] claims in state court.").)

Plaintiff did not squarely address this issue in his Reply brief, other than to point out that he originally filed this action in Wayne County Circuit Court, and it was Defendant MDOC who removed this matter to federal court. The Court notes that although Plaintiff has not filed a motion to remand, it does appear that Plaintiff's actions arguably suggest "forum-shopping," as he states in his Reply brief that

13

"Defendant cites no authority allowing this Court to retain jurisdiction as a 'condition' of dismissing the federal claims." (Pl.'s Reply, PgID 264.)

While the Court does not condone "forum shopping," Plaintiff's motion to dismiss his federal claims will not be denied on this basis alone. Plaintiff has not sought to remand this action in this motion. In any event, the Court notes that "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal," *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004), and the dismissal of the federal claims does not divest this Court of subject matter jurisdiction over Plaintiff's remaining state law claims, and thus does not divest Defendant of this federal forum. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 & n.6 (2007). Rather, upon Plaintiff's election to dismiss his federal claims, it is left to this Court's discretion whether to exercise supplemental jurisdiction over Plaintiff's state law claims, or whether to instead decline to exercise this jurisdiction and remand this case to state court. *See Harper*, 392 F.3d at 210-12 (holding that the district court did not abuse its discretion in retaining supplemental jurisdiction over plaintiff's state law claims after he filed an amended complaint which abandoned his federal claim); *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1288 (6th Cir. 1992) (holding that "the interest of judicial economy and fairness both favored the district court's retention of

14

[supplemental] jurisdiction" over state law claims); *Stroud v. Bank of America, N.A.*, No. 13-10334, 2013 WL 3043219, at *3 (June 17, 2013) ("Because this Court had original jurisdiction over the instant action at the time Plaintiff's Complaint was removed pursuant to 28 U.S.C. § 1331, the Court elects to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to the authority granted by 28 U.S.C. § 1367(a).").

Considering all of the factors discussed above, the Court finds that Plaintiff should be permitted to amend his First Amended Complaint to dismiss Counts IV, V and VI without prejudice. At the same time, the Court will continue jurisdiction over Plaintiff's remaining state law claim.

### IV. CONCLUSION

For the reasons set forth above, the Court construes Plaintiff's motion as a motion to amend the First Amended Complaint pursuant to Fed. R. Civ. P. 15, **GRANTS** that motion (ECF No. 24), and **DISMISSES WITHOUT PREJUDICE** Counts IV, V, VI of the First Amended Complaint.

Plaintiff is **ORDERED** to file an amended complaint against Defendant MDOC, containing Counts I, II and III, in compliance with this Opinion and Order.

The parties are **FURTHER ORDERED** to immediately contact Magistrate Judge R. Steven Whalen to re-schedule a settlement conference.

IT IS SO ORDERED.

Dated: March 16, 2021

s/Paul D. Borman  
Paul D. Borman  
United States District Judge