UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DOSS,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS and FRANK
SAWYER, in his individual capacity,

    Defendants.
_____/

Case No. 20-10266

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

## OPINION AND ORDER:
## (1) DENYING PLAINTIFF'S MOTION TO REMAND TO THE WAYNE COUNTY CIRCUIT COURT (ECF NO. 32) AND
## (2) ORDERING JONATHAN R. MARKO TO APPEAR AND SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927

This is an employment discrimination case arising out of Plaintiff Michael Doss's employment with Defendant Michigan Department of Corrections ("MDOC") as a correctional officer for the past 12 years. On March 16, 2021, the Court entered an Opinion and Order granting Plaintiff's motion to dismiss his federal claims without prejudice and stating that "the Court will continue jurisdiction over Plaintiff's remaining state law claims." (ECF No. 30, Opinion and Order.)

1

Now before the Court is Plaintiff's Motion to Remand to the Wayne County Circuit Court (ECF No. 32). Defendant MDOC opposes the motion and asks the Court to award costs or fees because this Court has already decided this matter in its prior Opinion and Order. The Court does not believe oral argument will aid in its disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons set forth below, the Court DENIES Plaintiff's motion to remand and ORDERS Plaintiff's counsel Jonathan R. Marko to appear and show cause why he should not be sanctioned for costs and fees pursuant to Fed. R. Civ. P. 11(b), and for multiplying the proceedings unreasonably and vexatiously pursuant to 28 U.S.C. § 1927.

## I. BACKGROUND

Plaintiff Michael Doss is employed by Defendant MDOC as a correctional officer in MDOC's Parnall Correctional Facility. Plaintiff claims that he has been subjected to a hostile work environment and disparate treatment based on his race and/or color and retaliated against for engaging in protected activity since December 2017.

On November 7, 2019, Plaintiff filed a complaint in the Wayne County Circuit Court, asserting claims against Defendant MDOC for violations of the Michigan Elliott-Larsen Civil Rights Act ("ELCRA") (Counts I-III) and for violations of Title

VII of the federal Civil Rights Act of 1964 (Counts IV-V), and against Defendant Sawyer for violation of the Equal Protection Clause of the United States Constitution (Count VI). (See ECF No. 1, State Court Complaint, PgID 7-28.)

Defendants removed the case to this Court on February 3, 2020, based on federal question jurisdiction. (ECF No. 1, Notice of Removal.) On February 13, 2020, Plaintiff filed an Amended Complaint (as ordered by the Court to comply with the Eastern District of Michigan Local Rules), with the same counts and parties as the original Complaint. (ECF No. 6, First Amended Complaint ("FAC").)

The parties proceeded to conduct discovery, including exchanging written discovery and taking a number of depositions. Fact discovery closed on December 18, 2020 (ECF No. 21), and the dispositive motion deadline, previously set for March 22, 2021, has been adjourned without date. (1/13/21 docket entry.)

On October 28, 2020, Plaintiff filed a motion for voluntary dismissal of Counts IV, V, and VI of his First Amended Complaint pursuant to Fed. R. Civ. P. 21 & 41(a)(2). (ECF No. 24, Pl.'s Mot. to Dismiss) Plaintiff indicated that Defendant Sawyer does not oppose dismissal of Count VI against him. However, Defendant MDOC filed a response in opposition to Plaintiff's motion, contending that Plaintiff is seeking "a more favorable venue for [his] claims in state court" and that granting Plaintiff's motion "would trigger another motion to remand the remaining claims to

state court – creating more costs and attorney time for MDOC." (ECF No. 26, Def.'s Resp., PageID.334) Defendant MDOC thus requested, in part, that, if the motion to dismiss the federal claims was granted, that the Court retain jurisdiction of Plaintiff's remaining state law claims. (*Id.*)

On March 16, 2021, the Court entered its Opinion and Order, granting Plaintiff's motion for dismissal of his federal claims without prejudice, and holding "[a]t the same time, the Court will continue jurisdiction over Plaintiff's remaining state law claims." (ECF No. 30, Opinion & Order, PageID.354.)[1]

Despite this clear affirmative ruling by the Court in its Opinion and Order that it will retain jurisdiction over Plaintiff's state law claims, Plaintiff nevertheless filed a frivolous motion to remand just six days later. (ECF No. 32, Pl.'s Mot. Remand.)

Plaintiff contends that the Court's express ruling that it would continue jurisdiction over the state law claims is *obiter dicta*, and further that he has a right to choose his forum, there is no compelling reason for keeping this matter in federal

---

[1] That March 16, 2021 Opinion and Order also ordered Plaintiff to file an amended complaint and ordered the parties to immediately contact the magistrate judge to re-schedule a settlement conference. (Opinion & Order, Page ID.354-55.) Plaintiff filed his Amended Complaint on April 12, 2021 (ECF No. 36), and the parties engaged in a settlement conference with Magistrate Judge David R. Grand on April 15, 2021. (4/15/21 Minute Entry.) Plaintiff reached a confidential settlement of his claims against defendant Sawyer only, but no settlement was reached as to Plaintiff's claims against Defendant MDOC. (*Id.*)

4

court, and that this Court should exercise its discretion to remand Plaintiff's remaining claims to state court.

Defendant filed a response opposing Plaintiff's motion to remand, arguing that this Court has already exercised its discretion in its March 16, 2021 Opinion and Order and ruled, deciding to retain jurisdiction over Plaintiff's remaining claims. (ECF No. 33, Def.'s Resp.) Defendant asserts that the factors of judicial economy and avoidance of duplicate litigation weigh in favor of the Court's decision to retain jurisdiction. Finally, because the Court had already decided this remand issue, Defendant requests that the Court award it any costs and fees for having to respond to Plaintiff's motion.

Plaintiff filed a reply brief, yet again reasserting that the Court should exercise its discretion to remand Plaintiff's remaining claims to state court. (ECF No. 35, Pl.'s Reply.)

## II. ANALYSIS

### A. Plaintiff's Motion to Remand is Denied

"The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). There is no question that this Court had subject matter jurisdiction over this case at the time of removal based on federal question

jurisdiction. The subsequent dismissal of the federal claims in this case does not divest this Court of subject matter jurisdiction over Plaintiff's remaining state law claims, and thus does not divest Defendant of this federal forum. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 & n.6 (2007); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000).

Rather, upon Plaintiff's election to dismiss his federal claims, it was left to this Court's discretion whether to exercise supplemental jurisdiction over Plaintiff's state law claims, or whether to instead decline to exercise this jurisdiction and remand this case to state court. *See Harper*, 392 F.3d at 210-12 (holding that the district court did not abuse its discretion in retaining supplemental jurisdiction over plaintiff's state law claims after he filed an amended complaint which abandoned his federal claim). Supplemental jurisdiction "is a doctrine of discretion, not of [] right," *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) (internal quotation marks omitted), and district courts have "broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Pinney Dock & Transport Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999).

Both parties acknowledge that this Court has subject matter jurisdiction in this case and the discretion to choose whether to retain it after dismissing Plaintiff's federal claims. "In determining whether to retain jurisdiction over state-law claims,

a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 1988)). A district court may also consider whether the plaintiff has engaged in forum shopping or other manipulative tactics. *Id.* (citing *Carnegie-Mellon*, at 357).

This Court has previously held, unambiguously, that it has exercised its discretion to continue jurisdiction over Plaintiff's remaining state law claims in this case. (ECF No. 30, Opinion and Order, PageID.354.) Contrary to Plaintiff's contention in his motion to remand, this affirmative statement that the Court will continue jurisdiction in this case was not *obiter dicta*. In its prior Opinion and Order, this Court considered and weighed several factors in reaching its decision, including Plaintiff's delay in seeking to dismiss the Title VII claims until almost nine months after the case was removed to this Court, and close to the end of the extended discovery period, during which the parties had engaged in extensive written discovery, conducted seven depositions, and an independent medical examination of Plaintiff. The Court also noted that "it does appear that Plaintiff's actions arguably suggest 'forum-shopping,' as he states in his Reply brief that 'Defendant cites no

authority allowing this Court to retain jurisdiction as a "condition" of dismissing the federal claims.'" (Opinion & Order, PageID.352-53.)

While Plaintiff argues in his motion that Michigan courts are "the best forum to determine issues of Michigan state law, [and] to interpret the semi-complicated ELCRA law," (Pl.'s Mot. Remand at p. 6, PageID.371), this Court notes that federal courts in Michigan, including this Court, frequently adjudicate ELCRA claims, as they are often filed alongside federal discrimination claims. Plaintiff even agreed in his prior pleadings that his "state law claims mirror [the federal claims]" and that "their proofs are nearly identical." (ECF No. 27 at PageID.262.) Further, the parties will be able to highlight to the Court any unique issues of state law in their briefing. Therefore, this Court does not feel compelled by comity to forego adjudicating Plaintiff's ELCRA claims, and judicial economy and convenience weigh in favor of addressing those claims in this forum. *See Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1288 (6th Cir. 1992) (holding that "the interest of judicial economy and fairness both favored the district court's retention of [supplemental] jurisdiction" over state law claims); *Stroud v. Bank of America, N.A.*, No. 13-10334, 2013 WL 3043219, at *3 (E.D. Mich. June 17, 2013) ("Because this Court had original jurisdiction over the instant action at the time Plaintiff's Complaint was removed pursuant to 28 U.S.C. § 1331, the Court elects to exercise supplemental jurisdiction

over Plaintiff's state law claims pursuant to the authority granted by 28 U.S.C. § 1367(a)."); *Gauthier v. Volunteers of Am.*, No. 15-14401, 2016 WL 3743134, at *3 (E.D. Mich. July 13, 2016) ("The Court will exercise supplemental jurisdiction over Plaintiff's ELCRA sex discrimination claim despite dismissing her corresponding claim under Title VII.").

Considering all of the factors discussed above, Plaintiff's Motion to Remand is denied; the Court holds, once again, that it will continue jurisdiction over Plaintiff's remaining state law claims.

### B. Rule 11 and 28 U.S.C. § 1927 Sanctions

In Defendant's briefing in response to Plaintiff's earlier motion to dismiss the federal claims, it expressed the concern that granting Plaintiff's motion "would trigger another motion to remand the remaining claims to state court – creating more costs and attorney time to MDOC." (ECF No. 29, Def.'s Supp. Brief at p. 1, PageID.334.) The Court addressed this concern when it dismissed the federal claims by clearly ruling that it would continue jurisdiction over Plaintiff's remaining state court claims. However, despite this ruling, Plaintiff nonetheless filed a frivolous motion to remand. Defendant now requests that this Court award it any costs or fees against Plaintiff that the Court deems appropriate for Plaintiff's filing of the motion to remand.

Plaintiff's motion to remand, filed mere days after the Court plainly ruled that it would continue jurisdiction over Plaintiff's remaining state law claims, has unreasonably and vexatiously increased the costs of this litigation in violation of 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

The purpose of § 1927 "is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). Sanctions under this provision "require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Id*. (citations omitted). Sanctions under the statute are appropriate when "an attorney ... intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id.* The Sixth Circuit provided further that "sanctions are warranted when an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Id.* (quoting *Ruben v. Warren City Sch.*, 825 F.2d 977, 984 (6th

Cir. 1987)). A district court has the discretion to impose § 1927 sanctions *sua sponte*. *See Dixon v. Clem*, 492 F.3d 665, 676-79 (6th Cir. 2007).

In addition, under Federal Rule of Civil Procedure, Rule 11, attorneys attest that, "to the best of their knowledge, information, and belief," any paper signed and submitted to the Court "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(2). The rule "imposes upon litigants a continuing obligation to refrain from pursuing meritless or frivolous claims during the course of proceedings." *Dearborn Street Bldg. Assocs., LLC v. Huntington Nat'l Bank*, 411 F. App'x 847, 850 (6th Cir. 2011). The Court may, "[o]n its own ... order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

The Court finds that Plaintiff's attorney's actions in this case "amount to more than simple inadvertence of negligence," and that filing the instant frivolous motion to remand mere days after this Court ruled that it would continue jurisdiction over the remaining state law claims unreasonably and vexatiously multiplied these proceedings and "cause[d] additional expense to the opposing party," and required significant additional work by the Court.

Accordingly, attorney Jonathan R. Marko is ordered to appear before this Court and show cause why he should not be sanctioned for his filing of the Motion to Remand (ECF. No. 32), for unreasonably and vexatiously multiplying the proceedings in violation of 28 U.S.C. § 1927, and also for violation of Fed. R. Civ. P. 11(b) for preparing a pleading for the improper purpose of causing unnecessary delay, and needlessly increasing the cost of litigation.

The Court sets **Tuesday, July 27, 2021 at 2:00 p.m.** for a hearing at which attorney Jonathan R. Marko shall appear to respond to this show cause order, that can result in sanctions and costs against him.

### III. CONCLUSION

For the reasons set forth above, the Court

(1) **DENIES** Plaintiff's motion to remand (ECF No. 32), and

(2) **ORDERS** that attorney Jonathan R. Marko appear and show cause on **Tuesday, July 27, 2021 at 2:00 p.m.**, why he should not be sanctioned pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

IT IS SO ORDERED.

Dated: July 8, 2021

s/Paul D. Borman  
Paul D. Borman  
United States District Judge